`

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LORI COHN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO._____ |
| GOODMAN AND STERN, LLC, and | : | |
| | : | |
| JAMAR R. CHRISTIAN, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendants for violations of the Federal Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. §§ 1692 et seq., and the Georgia Fair Business Practices Act [GaFBPA], O.C.G.A. §§ 10-1-390 et seq.

- 1 -

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337 (federal question jurisdiction).

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's federal question claim that they form part of the same case or controversy.

4. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

6. Defendant GOODMAN AND STERN, LLC [hereinafter "GOODMAN"] is a limited liability company organized under the laws of the State of Florida.

7. GOODMAN is subject to the jurisdiction and venue of this Court.

8. GOODMAN may be served by personal service upon its authorized officer or agent at its principal place of business, to wit: 7751 Kingspointe Parkway, Suite No. 107, Orlando, Florida 32819, or wherever said officer or agent may be found.

9. In the alternative, GOODMAN may be served by personal service upon its registered agent on file with the Florida Department of State, to wit: Jamar Christian, at its registered office, to wit: 7751 Kingspointe Parkway, Suite No. 107, Orlando, Florida 32819, or wherever said registered agent may be found.

10. Defendant JAMAR CHRISTIAN is an individual also sometimes known as "Jamar R. Christian" and "Mark Harrison." [Hereinafter, said Defendant is referred to as "CHRISTIAN."]

11. CHRISTIAN is associated with the named business entity Defendant and exercises control over the named business entity and possibly other related business entities.

12. CHRISTIAN is subject to the jurisdiction and venue of this Court.

13. CHRISTIAN may be served by personal service at his place of residence, or at the principal place of business, to wit: 7751 Kingspointe Parkway, Suite No. 107, Orlando, Florida 32819, or wherever he may be found.

14. The collection business operated by GOODMAN and CHRISTIAN often use various names other than the true name of the debt collector's business, company, or organization.

15. These other names include, but are not limited to, "Goodman, Stern & Associates," "Stern & Associates," and "GSA Recovery."

16. Each DEFENDANT meets the definition of a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a.

17. DEFENDANTS do not maintain an office in the State of Georgia.

18. DEFENDANTS do not have assets in the State of Georgia.

19. Other defendants may be discovered in the course of litigation, and plaintiff respectfully pray that the Court will permit the addition of later discovered parties upon motion.

20. Alternatively, all defendants may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the several states.

## FACTS COMMON TO ALL CAUSES

21. DEFENDANTS use the mails in the operation of their business.

22. DEFENDANTS use telephone communications in their business.

23. The principle purpose of DEFENDANTS' business is the collection of debts.

24. DEFENDANTS regularly collect or attempt to collect debts owed or due, or asserted to be owed or due, another.

25. DEFENDANTS regularly collect or attempt to collect debts which were in default at the time that they were assigned said debts.

26. Defendant CHRISTIAN has formed numerous business entities (corporations and limited liability companies).

27. Many of these business entities are allowed to be administratively dissolved within a few years of their creation without making allowance for the satisfaction of said business entities obligations.

28. Defendant CHRISTIAN has a history of abusing corporate forms to avoid responsibility for the legal obligations of his business endeavors.

29. It appears that CHRISTIAN does not respect the separateness of the corporate entities, and that some or all of the business entities operated by CHRISTIAN are merely corporate shells intended to delay and defraud those, such as Plaintiff, who have valid claims.

30. The allegation of the preceding paragraph is likely to have evidentiary support based upon the large number of business entities operated from CHRISTIAN's disclosed location, and CHRISTIAN's history of forming

business entities only to allow them to be administratively dissolved within a few years.

31. The individual defendant actively participates in the debt collection operations of GOODMAN.

32. The individual defendant directly participated by creating, organizing, structuring, operating and directing the business operations of GOODMAN, as well as other related business entities.

33. Corporate forms should not protect the individual defendant or related entities from responsibility for the continuing wrongdoings which were perpetrated in the name of the business entities which he controls.

34. DEFENDANTS engaged in an abusive campaign of telephone collection directed to Plaintiff.

35. This collection communications and the false representations used in it were intentional, and not the result of any mistake or inadvertence.

36. The alleged indebtedness which DEFENDANTS attempted to collect from Plaintiff arose from an old Bank of America account that was outside Georgia's statute of limitation period for legal enforcement.

37. Said consumer credit account was not incurred for any business or commercial purpose of the Plaintiff.

38. Said credit card account was used to pay for the personal and household needs of Plaintiff.

39. Within the last twelve months, an employee of DEFENDANTS made a telephone call to a lawfirm where plaintiff had worked.

40. Plaintiff had not worked at said place of business for approximately eight years prior to the call.

41. In this telephone call, the employee of DEFENDANTS revealed the existence of the indebtedness to Plaintiff's former co-worker.

42. In this telephone call, the employee of DEFENDANTS falsely stated that the plaintiff was a party to civil litigation regarding this debt.

43. In this telephone call, the employee of DEFENDANTS sought the assistance of the former co-worker by requesting that she contact Plaintiff about this debt.

44. Plaintiff's former co-worker was able to contact Plaintiff and relay the information from DEFENDANTS.

45. On at least two separate occasions, Plaintiff called DEFENDANTS in response to the call made to former place of employment.

46. In these direct telephone communications with Plaintiff, DEFENDANTS used a series of false representations, which included:

47. The false representation that a lawsuit had already been filed against Plaintiff;

48. The false representation that the lawsuit was pending in Fulton County;

49. The false representation that there was a scheduled hearing on the lawsuit;

50. The false representation that a case number had been assigned to the lawsuit;

51. The false representation that the "civil procedure division is trying to serve you," or words to that effect;

52. The false representation that the call was from a business entity know as "Stern & Associates;"

53. The false representation that "Stern & Associates" was a law firm;

54. The false representation that the caller's address was 11 Commerce Drive, Cranford NJ 07016.

55. The false representations that the debt was re-aged when it was sold and that the statute of limitations was started over.

56. No law suit had ever been filed against Plaintiff.

57. Due to the age of the indebtedness, any law suit that was filed would have been subject to the complete defense of the statute of limitations.

58. All representations of DEFENDANTS threatening litigation are false inasmuch as DEFENDANTS had and have no intention of pursuing any proceeding in court.

59. The Cranford, NJ address given in the telephone communications is the location of a business named "Stern & Associates."

60. However, the "Stern & Associates" located at the Cranford, NJ address is not a business owned or operated by DEFENDANTS.

61. The "Stern & Associates" located at the Cranford, NJ address is a public relations firm.

62. The "Stern & Associates" located at the Cranford, NJ address is wholly unrelated to DEFENDANTS.

63. This identification and address was given for the specific purpose of attempting to evade responsibility for DEFENDANTS' continuous and intentional violations of the FDCPA and other laws.

64. By falsely giving the name and address of another existing business, DEFENDANTS intended to deter injured Plaintiff from bringing suit against the proper party defendants.

65. By falsely giving the name and address of another existing business, DEFENDANTS have caused the Plaintiff to incur greater attorneys fees to bring this action.

66. The language used by DEFENDANTS was intended to create in the minds of typical consumers (and even more so in the minds of least-sophisticated consumers) a false sense of urgency, emotional distress and embarrassment, and a false belief that there is impending court activity.

67. In none of the communications from DEFENDANTS, did DEFENDANTS provide the notices required by 15 U.S.C. section 1692e(11).

68. DEFENDANTS did not send the written notices required by 15 U.S.C. section 1692g.

69. All communications described above have taken place on dates that where within one year of the date of the filing of this action.

70. At all times pertinent hereto, the conduct of all DEFENDANTS, as well as that of their agents, servants and/or employees, was in malicious, intentional, willful, reckless, grossly negligent and/or negligent disregard for federal and state laws and the rights of the Plaintiff herein.

71. DEFENDANTS do not maintain an office in the State of Georgia.

72. DEFENDANTS do not keep assets in the State of Georgia.

73. All conditions precedent to bring this action have occurred.

74. The actions of DEFENDANTS have caused Plaintiff to suffer actual damages.

75. Plaintiff's actual damages include emotional distress due to the worry, concern, anxiety, embarrassment and uncertainty as to future events induced by DEFENDANTS' actions, and the time lost in dealing DEFENDANTS' abusive collection activity.

## CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF THE FDCPA

76. DEFENDANTS' violations of the FDCPA include, but are not limited to, the following:

77. Engaging in communication with any person other than the consumer, in violation of 15 U.S.C. 1692c(b);

78. Engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

79. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

80. Falsely representing the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

81. Falsely threatening to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

82. The use of any false representations or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

83. The failure to provide the mandatory disclosures required by 15 U.S.C. § 1692e(11);

84. The use of any business, company, or organization name other than the true name of the debt collector's business, in violation of 15 U.S.C. § 1692e(14);

85. The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f;

86. Attempting to collect amounts which are not owed, in violation of 15 U.S.C. § 1692f(1); and

87. The failure to provide the written mandatory disclosures required by 15 U.S.C. § 1692g.

88. As a result of the above violations of the FDCPA, DEFENDANTS are liable to Plaintiff for statutory damages, actual damages and attorney's fees and costs.

### COUNT TWO: VIOLATIONS OF THE GaFBPA

89. DEFENDANTS' actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

90. The conduct of DEFENDANTS are a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, said DEFENDANTS are liable to the Plaintiff for the full amount of actual, treble and exemplary damages, along with the attorneys' fees and the costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That PLAINTIFF be awarded statutory, actual, treble and exemplary damages;

b) That PLAINTIFF be awarded costs and the expenses of litigation including a reasonable attorney fee pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399; and

c) Such other and further relief as may be necessary, just and proper, including but not limited to injunctive relief.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by: s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax