IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORI COHN,

    Plaintiff,

v.

GOODMAN AND STERN, LLC, and
JAMAR R. CHRISTIAN,

    Defendants.

CIVIL ACTION FILE NO.

1:13-cv-03523-WSD-GGB

# **FINAL REPORT AND RECOMMENDATION**

The complaint in this action was filed on October 24, 2013. (Doc. 1, Compl.). The complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, *et seq.* ("GFBPA"). This case is before the Court on Plaintiff's Motion to Administratively Close This Civil Action (Doc. 11).

The defendants were each served with a summons and the complaint on November 25, 2013. (Docs. 4, 5). Neither defendant filed an answer, nor was a notice of appearance by an attorney ever entered on behalf of either defendant.

On May 9, 2014, in response to an order to show cause issued by the district court (Doc. 3), Plaintiff filed a response to the order to show cause (Doc. 7) and a motion for clerk's entry of default (Doc. 6). In Plaintiff's response, Plaintiff stated that

the defendants were timely served, Plaintiff had requested that the Clerk enter default as to the defendants, and Plaintiff intended to prosecute this matter and anticipated filing a motion for default judgment against the defendants after the entry of default by the Clerk.

On May 12, 2014, the Clerk made an entry of default as to Jamar R. Christian and Goodman and Stern, LLC. After almost three months passed with no motion for default judgment having been filed pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, on August 7, 2014, the undersigned magistrate judge issued an order directing Plaintiff to file a motion for default judgment, with supporting documentation and affidavits establishing the amount of Plaintiff's damages. (Doc. 8, Order). Plaintiff was directed to file an application/motion for default judgment within fourteen (14) days of the date of the Order, in accordance with Fed. R. Civ. P. 55(b) and Local Rule 55.1, NDGa. Plaintiff was instructed that failure to timely comply with the Order may result in a recommendation to the district judge that this case be dismissed for want of prosecution pursuant to Local Rule 41.3, NDGa.

In order to comply with the court's Order, Plaintiff's counsel states that he attempted to communicate with Plaintiff and made repeated efforts to contact Plaintiff at all of the telephone numbers, email addresses, and available social media avenues known to counsel. (Doc. 11 at 1). Counsel also attempted to contact Plaintiff in

writing at her last known physical address, to no avail. As the deadline for complying with this court's August 7, 2014 Order approached, counsel sought and received an extension of twenty-one days so that he could continue to try and locate Plaintiff and prepare and submit the motion for default judgment as directed by this court.

In spite of counsel's efforts described above and in the motion pending before this court, counsel states that he has been unable to find or connect with his client. Accordingly, counsel for Plaintiff asks that the court administratively close this matter until such time as communication is re-established with the Plaintiff, at which time counsel asks that this court will entertain a motion to re-open the case upon a proper showing, including full compliance with the directives of my Order dated August 7, 2014.

I see no reason why the pending motion should not be granted. Accordingly, I **RECOMMEND** that the Motion to Administratively Close Civil Action submitted by counsel for the Plaintiff (Doc. 11) be **GRANTED**, and that the Clerk be **DIRECTED** to administratively close this case.

**IT IS SO RECOMMENDED**, this 29th day of September, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)