IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LORI COHN,

          Plaintiff,

v.                                1:13-cv-3523-WSD

GOODMAN AND STERN, LLC,
and JAMAR R. CHRISTIAN,

          Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [12] ("R&R"). The R&R considers Plaintiff Lori Cohn's ("Plaintiff") Motion to Administratively Close Civil Action [11] ("Motion"). The Magistrate Judge recommended that Plaintiff's Motion be granted and that the case be administratively closed.

## I. BACKGROUND

On October 24, 2013, Plaintiff filed her Complaint [1] alleging that Goodman and Stern, LLC and Jamar R. Christian (collectively, the "Defendants") violated the Fair Debt Collection Practices Act and the Georgia Fair Business Practices Act. Plaintiff is represented by Skaar & Feagle, LLP. Despite being served with summons and the Complaint, Defendants did not file a response, and

no attorney entered their appearance on behalf of either Defendant.  On May 9, 2014, Plaintiff filed her Motion for Clerk to Enter Default [6], and, on May 12, 2014, the Clerk entered default against the Defendants.

On August 7, 2014, the Magistrate Judge issued an order [8] directing the Plaintiff to file a motion for default judgment, on or before August 21, 2014, with supporting documentation and affidavits establishing the amount of Plaintiff's damages.  On August 21, 2014, Plaintiff filed a "Motion for Extension of Time to Comply with Order of August 7, 2014" [9], requesting additional time to allow her to secure supporting declarations.  On August 22, 2014, the Magistrate Judge granted [10] Plaintiff's motion, extending the time to comply with its August 7,2014, Order by twenty-one days.

On September 10, 2014, Kris Skaar ("Skaar"), of Skaar & Feagle, LLP, filed the Motion, stating that he made repeated attempts to contact Plaintiff at the telephone numbers, e-mail addresses, and social media contacts known to him.  Skaar states that his last communication with Plaintiff was in April 2014.  Skaar states that, despite his efforts, he has been unable to contact Plaintiff, and requests that the case be administratively closed.  Skaar further requests that, if and when communication is re-established, the Court entertain a motion to re-open the case upon a proper showing.

## II.   DISCUSSION

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

As Defendants have not objected to the Magistrate Judge's R&R, the Court reviews the Magistrate Judge's findings and recommendations for plain error.  See Slay 714 F.2d at 1095.  The Magistrate Judge concluded, in light of Skaar's inability to contact Plaintiff and comply with the August 7, 2014, Order, that there was no reason not to grant the Motion.  The Court finds no plain error in Magistrate Judge's findings and recommendation.  See Slay, 714 F.2d at 1095.[1]

---

[1]   Should Plaintiff file a motion to re-open this action in order to obtain a default judgment, the Court will consider Plaintiff's arguments at that time.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Gerrilyn G. Brill's Final Report and Recommendation [12] is **ADOPTED**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Administratively Close Civil Action [11] is **GRANTED**. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this action.

**SO ORDERED** this 5th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE